# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LOYCE ALLEN RAY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV-06-141-FHS-SPS |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

The claimant Loyce Allen Ray requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons discussed below, the Commissioner's decision should be REVERSED and REMANDED.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act only "if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the

-1-

national economy[.]" *Id.* § 423(d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997), *citing Pacheco v. Sullivan*, 931 F.2d 695, 696 (10th Cir. 1991). The term substantial evidence has been interpreted by the United States Supreme Court to require "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The Court may not re-weigh the evidence or substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a whole, and "[t]he substantiality of [the] evidence must take into account whatever in the

---

[1] Step one requires the claimant to establish he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. *Id.* §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if his impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), he is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish he lacks the residual functional capacity (RFC) to return to his past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work the claimant can perform existing in significant numbers in the national economy, taking into account his age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on September 14, 1973, and was thirty-one (31) years old at the time of the administrative hearing. He has a high school education and has previously worked as a construction laborer, sandblaster helper, spot welder, and oilfield operator's helper. The claimant alleges he has been unable to work since March 25, 1999, because of depression and neck, back, and shoulder pain.

## Procedural History

On September 15, 2003, the claimant protectively filed an application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-34, and for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. The application was denied. ALJ Demos A. Kuchulis conducted a hearing and determined that the claimant was not disabled on November 25, 2005. The Appeals Council denied review, so the ALJ's decision represents the Commissioner's final decision for purposes of this appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step two of the sequential evaluation. He determined that the claimant's impairments were not severe, finding that they "constitute[d] no more than a slight abnormality having such minimal effect on him that, considered alone and in

combination with any other conditions, it would not be expected to interfere with his ability to work[.]" (Tr. 19, 24).

**Review**

The claimant contends that the ALJ erred: (i) by failing to properly evaluate the medical evidence; (ii) by finding that he had the RFC to perform substantial gainful activity; and (iii) by failing to properly analyze his credibility. The undersigned Magistrate Judge finds that the ALJ committed numerous errors in analyzing the evidence in the record and that reversal is therefore in order.

First, the ALJ failed to properly analyze the weight he afforded the medical opinions contained in the record. *See, e. g., Hamlin v. Barnhart,* 365 F.3d 1208, 1215 (10th Cir. 2004) ("An ALJ must evaluate *every* medical opinion in the record, although the weight given each opinion will vary according to the relationship between the disability claimant and the medical professional. . . . An ALJ must also consider a series of specific factors in determining what weight to give any medical opinion.") [internal citation omitted] [emphasis added], *citing Goatcher v. United States Department of Health & Human Services,* 52 F.3d 288, 290 (10th Cir. 1995). For example, the ALJ discussed the physical examination performed by examining physician Dr. R. J. Helton, D.O. (Tr. 20, 271-79), and the psychiatric examination performed by examining psychiatrist Dr. Everett Bayne, M.D. (Tr. 20, 268-70), but he did not explain the weight he assigned to those opinions. The ALJ also referenced the RFC assessments completed by the non-examining agency physicians and psychologists, *i. e.*, the physical RFC assessments limiting the claimant to light work with

only occasional stooping and crouching (Tr. 281-88, 325-32) and the mental RFC assessments finding the claimant markedly limited in his ability to understand, remember, and carry out detailed instructions and in his ability to interact appropriately with the general public and moderately limited in his ability to get along with co-workers or peers without distracting them or exhibiting behavioral extremes (Tr. 289-92, 307-10). But the only thing he said about any of these opinions was that they were not entitled to controlling weight (Tr. 21). *See Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) (noting that the controlling weight analysis is applied to a treating physician's opinion).[2]

Second, the ALJ failed to conduct a proper analysis of the claimant's credibility. He failed in general to affirmatively link his credibility findings to the evidence, *see Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (noting that credibility findings "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.") [quotation omitted], and he failed in particular to discuss the standard applicable to his finding that the claimant received inconsistent treatment or "very little" treatment and was noncompliant with taking medication (Tr. 21). *See Frey v. Bowen*, 816 F.2d 508, 517

---

[2] There is some question as to which opinions the ALJ was actually considering when he discussed the findings of the non-examining agency physicians and psychologists. He noted their assessments "were based on one-time only examinations" (Tr. 21) (similar to examining physicians), even though non-examining agency physicians and psychologists generally only review the evidence in the record and do not actually examine a claimant. There was no indication in the reports from the non-examining agency physicians and psychologists that they did anything other than review the evidence in the record. On remand, the ALJ should be specific as to which opinion he is considering and discuss the weight given to the opinion accordingly. *See, e. g., Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004) ("The opinion of an examining physician is generally entitled to less weight than that of a treating physician, and the opinion of an agency physician who has never seen the claimant is entitled to the least weight of all."), *citing* 20 C.F.R. §§ 404.1527(d)(1), (2) and 416.927(1), (2); Soc. Sec. Rul. 96-6p, 1996 WL 374180, at *2.

(10th Cir. 1987) ("In reviewing the impact of a claimant's failure to undertake treatment on a determination of disability, we consider four elements: (1) whether the treatment at issue would restore claimant's ability to work; (2) whether the treatment was prescribed; (3) whether the treatment was refused; and, if so, (4) whether the refusal was without justifiable excuse."), *citing Weakley v. Heckler*, 795 F.2d 64, 66 (10th Cir. 1986). The ALJ did not, for example, consider whether the claimant's failure to take treatment was justified by his inability to afford it. *See, e. g.*, *Thomas v. Barnhart*, 147 Fed. Appx. 755, 760 (10th Cir. 2005) ("[T]he ALJ failed to comment on the important evidence that treatment was inconsistent because of Mrs. Thomas's apparent inability to afford the medications. . . . Whether a person is being consistently treated with available medication is important probative information.") [unpublished opinion]. *See also Thompson v. Sullivan*, 987 F.2d 1482, 1489-90 (10th Cir. 1993). The claimant testified that he was not seeing a doctor for his neck and back because of lack of funds and insurance (Tr. 430), which was supported by his medical records, *e. g.*, Dr. Bayne noted that the claimant was not on any medication because he had no money (Tr. 268), and Dr. Helton noted that he "lost insurance and can't afford meds or surgery" (Tr. 274). The ALJ made no mention of any of this evidence despite commenting on the claimant's failure to take treatment.

Third, the ALJ erred in evaluating the claimant's mental impairment. He did not employ the "special technique" applicable to such impairment and document his findings. *See Cruse v. United States Department of Health & Human Services*, 49 F.3d 614, 617 (10th Cir. 1995) ("When there is evidence of a mental impairment that allegedly prevents a

claimant from working, the Secretary must follow the procedure for evaluating mental impairments set forth in 20 C.F.R. § 404.1520a [and § 416.920a] and the Listing of Impairments and document the procedure accordingly."), *citing Andrade v. Secretary of Health & Human Services*, 985 F.2d 1045, 1048 (10th Cir. 1993). *See also* 20 C.F.R. §§ 404.1520a(e)(2), 416.920a(e)(2) ("At the administrative law judge hearing . . . the written decision must incorporate the pertinent findings and conclusions based on the technique.").[3] Nor did he discuss the claimant's report of many symptoms of depression, *i. e.*, impaired sleep, appetite, memory, concentration, and energy (Tr. 268), *see Robinson v. Barnhart*, 366 F.3d 1078, 1083 (10th Cir. 2004) ("[A] psychological opinion may rest either on observed signs and symptoms or on psychological tests[.]"); *see also Thomas*, 147 Fed. Appx. at 759 ("The practice of psychology is necessarily dependent, at least in part, on a patient's subjective statements.") [unpublished opinion], or the claimant's Global Assessment of Functioning ("GAF") score of 55 (Tr. 269). *See, e. g., Langley v. Barnhart*, 373 F.3d 1116, 1122 n.3 (10th Cir. 2004) ("A GAF score of 51-60 indicates 'moderate symptoms,' such as a flat affect, or 'moderate difficulty in social or occupational functioning.'"). *See also Lee v. Barnhart*, 117 Fed. Appx. 674, 678 (10th Cir. 2004) ("In a case like this one, decided at step two, the GAF score should not have been ignored.") [unpublished opinion].

---

[3] The record included Psychiatric Review Technique ("PRT") forms completed by agency psychologists who evaluated the claimant for affective disorders and determined he had a moderate degree of limitation in activities of daily living, maintaining social functioning, and maintaining concentration, persistence, or pace. The claimant had no episodes of decompensation of an extended duration (Tr. 293-306, 311-24).

Accordingly, the decision of the Commissioner should be reversed and the case remanded to the ALJ for further proceedings as discussed herein. On remand, the ALJ should properly evaluate the claimant's mental impairment, explain the weight given to the medical opinions in the record, and perform a proper credibility analysis. If on reconsideration he finds that the claimant's mental and/or physical impairments are severe, he should include any limitations from such impairments in the claimant's RFC and determine what work, if any, the claimant can perform with his RFC.

## Conclusion

The undersigned Magistrate Judge finds correct legal standards were not applied by the ALJ, and the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the Magistrate Judge RECOMMENDS that the ruling of the Commissioner should be REVERSED and the case REMANDED for further proceedings as set forth above. The parties are herewith given ten days to file any objections to this Report and Recommendation. Failure to object will preclude appellate review of the judgment of the District Court based on the findings recommended herein.

**DATED** this 16th day of October, 2007.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**